```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                      Civil No. 18-2772(DSD/HB)
```

Noah J. McCourt,

       Plaintiff,

v.                                          **ORDER**

Carver County,

       Defendant.

    Padraigin Browne, Esq. and Browne Law LLC, 8530 Eagle Point Blvd., Suite 100, Lake Elmo, MN 55042, counsel for plaintiff.

    Timothy A. Sullivan, Esq. and Ratwik, Roszak & Maloney, PA, 730 2nd Avenue South, Suite 300, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon defendant Carver County's motion to dismiss for failure to effect service. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion and dismisses the case without prejudice.

**BACKGROUND**

This discrimination claim arises out of plaintiff Noah McCourt's unsuccessful attempts to use Carver County's website allegedly due to his various disabilities. McCourt filed suit, pro se, on September 28, 2018, and also filed an application to proceed in forma pauperis. On October 17, 2018, counsel made an appearance on McCourt's behalf. Soon thereafter, counsel for Carver County

made an appearance despite not yet having been served with process.

On October 25, the court granted McCourt's application to proceed in forma pauperis, which enabled McCourt to effectuate service through the U.S. Marshals Service. On December 11, McCourt notified the magistrate judge assigned to this matter that the parties would proceed without burdening the U.S. Marshals and requested that the court order the clerk's office to issue a summons. The court did so and the clerk's office issued a summons on December 13.

On April 5, 2019, nearly four months later, the magistrate judge issued an order to show cause given that the summons had not been returned executed and Carver County had yet to respond the complaint. The magistrate judge ordered McCourt's counsel to: (1) notify defendant that it must respond to the complaint immediately or submit a stipulation for an extension of time to respond to the complaint within ten days of the date of the order; (2) file the notice on CM/ECF; and (3) file for the entry of default within twenty days of the date of the order if no response to the complaint was received within ten days of service of the order. ECF No. 12 at 1-2. The magistrate judge further ordered McCourt to advise the court in writing of "any good cause to the contrary." Id. at 2. Finally, the magistrate judge advised McCourt that "[f]ailure to comply with [the] Order may result in dismissal of this action for failure to prosecute." Id.

2

The same day, Carver County notified the court that it had not yet been served with process in the case and that dismissal was therefore warranted under Fed. R. Civ. P. 4(m). ECF No. 13. On April 12, counsel for McCourt contacted opposing counsel and requested a waiver of service. Sullivan Aff. ¶ 3, Ex. A. Counsel for Carver County was not willing to commit to doing so given that service was no longer timely. Id.

Counsel for McCourt then notified the magistrate judge that "due to an unintentional error," she had failed to timely send the waiver of service form to defense counsel. ECF No. 14. Carver County now moves to dismiss for failure to timely effect service.[1]

**DISCUSSION**

Without effective service or waiver of process, the court lacks personal jurisdiction over a defendant. See Printed Media Servs., Inc. v. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir. 1993). A plaintiff must make a prima facie showing that the court has personal jurisdiction over the defendants. See Digi-Tel Holdings, Inc. v. Proteq Telecomms. (PTE), Ltd., 89 F.3d 519, 522 (8th Cir. 1996). When considering whether personal jurisdiction exists, the court views the evidence in the light most favorable to the plaintiff and may consider matters outside the pleadings. Id.; see

---

[1] McCourt served Carver County with the complaint after Carver County filed this motion. ECF No. 22.

Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1072-73 (8th Cir. 2004).

Where "a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Here, McCourt failed to serve Carver County within the 90-day time period prescribed by the rule.

If a plaintiff shows good cause for the failure, however, "the court must extend the time for service for an appropriate period." Id. Here, McCourt does not explain his failure to timely serve Carver County, but merely states that it was due to "unintentional error." Mere inadvertence, however, does not constitute good cause. See Potocnik v. Anoka Cty., No. 13-1103, slip op. (D. Minn. Mar. 26, 2014); Salow v. Circus-Circus Hotels, Inc., 108 F.R.D. 394, 396 (D. Nev. 1985). As a result, McCourt has not demonstrated good cause for the failure of service.

Even if a plaintiff cannot establish good cause for the failure of service, the court may nonetheless extend the time for service if the plaintiff can show "excusable neglect." Kurka v. Iowa Cty., Iowa, 628 F.3d 953, 957 (8th Cir. 2010). "The determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances

4

surrounding the party's omission." Id. at 959 (citation and internal quotation marks omitted). "In determining whether neglect is excusable, the following factors are particularly important: (1) the possibility of prejudice to the defendant, (2) the length of the delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith." Id. (citations omitted). "These factors do not bear equal weight as the reason for delay is generally a key factor in the analysis." Id. (citation omitted).

Here, as already explained, the delay was attributable solely to an "unintentional error." Such a reason is not of the sort that has been found to constitute excusable neglect. See Metcalf v. City of Minneapolis, No. 11-3023, 2012 WL 2357573, at *4 (D. Minn. June 20, 2012) (collecting cases). The substantial delay has prejudiced Carver County and disrupted judicial proceedings by requiring intervention by the magistrate judge and the instant motion practice. Moreover, McCourt has not been diligent in correcting his error. He served Carver County only after it filed this motion - nearly seven months after he secured counsel. Even though there is no evidence of bad faith, "the totality of the circumstances [does] not warrant a discretionary extension." Kurka, 628 F.3d at 959.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The motion to dismiss [ECF No. 15] is granted; and

2. The complaint is dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 19, 2019

                                          <u>s/David S. Doty</u>
                                          David S. Doty, Judge
                                          United States District Court